IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KELLY ALLEN REPP, ) | |
| ) | |
| Plaintiff, ) | Case No. CV-02-467-S-BLW |
| ) | |
| vs. ) | **MEMORANDUM ORDER** |
| ) | |
| CORRECTIONS CORP. OF ) | |
| AMERICA, IDAHO CORRECTIONAL ) | |
| CENTER, AMY SCHAPART, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Pending before the Court are Defendant Mabeas' Motion for Reconsideration (Docket No. 83), CCA/ICCA's Motion for Reconsideration (Docket No. 87), and Plaintiff's Motion for Summary Judgment (Docket No. 90). Having considered the written briefing of the parties, and having reviewed the record in this case, the Court enters the following Order.

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that Defendant Mabeas' Motion for Reconsideration (Docket No. 83) is DENIED. There remains a question of fact as to whether Defendant authorized a non-narcotic pain medication for Plaintiff to make up for deleting one-half of the dosage of Vicodin between March 19, 2001, and March 24, 2001.

**MEMORANDUM ORDER  1**

IT IS FURTHER HEREBY ORDERED that CCA/ICC's Motion for Reconsideration (Docket No. 87) is DENIED.  Even accepting for argument's sake Defendants' interpretation of the dosage charts, there remains a question of fact as to why Plaintiff did not receive the dosages of Vicodin prescribed.  There remains a question of fact regarding Plaintiff's allegations that he requested more medication on many occasions (both in and outside the presence of Inmate Harms), and that he was refused the medication.  Because the facts support a claim that the policy, practices, and customs of ICC/CCA regarding administration of narcotic medication or its failure to train employees or medical contractors to properly administer medication may have in part caused Plaintiff's injury between March 9, 2001, and March 24, 2001, the Court will liberally construe Plaintiff's pleadings to include such a claim and allow amendment if this case proceeds to trial, because it is in the interest of justice to allow Plaintiff to attempt to determine who was responsible for the alleged failure to administer prescription medication to alleviate his pain after surgery.

All sides face a risk if trial ensues.  Plaintiff is encouraged to consider that his remaining claim for damages is only for a short time period and that his status as a prisoner may work to his disadvantage before a jury.  Defendants are encouraged to consider the costs of trial versus the cost of settling this relatively minor claim.

IT IS FURTHER HEREBY ORDERED that the parties shall attend a settlement conference with Judge Williams no later than January 20, 2005.  Within the next five days, Counsel for Defendants shall consult with Judge Williams scheduling clerk, Anne

**MEMORANDUM ORDER  2**

Lawron, at 334-9387, to schedule a conference.  Plaintiff need not call for scheduling, as the Court assumes that he is generally free to attend a settlement conference at any time because of his status as a prisoner.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Docket No. 90) is DENIED because issues of fact remain.  A jury could decide the issues of fact either in Plaintiff's or Defendants' favor.

DATED:  **December 9, 2005**

B. LYNN WINMILL
Chief Judge
United States District Court

**MEMORANDUM ORDER  3**